**SYLVANIA ELECTRIC PRODUCTS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD et al., Respondents.**

**No. 6623.**

United States Court of Appeals
First Circuit.

Heard March 4, 1966.

Decided April 5, 1966.

———◆———

Gerard D. Reilly and Winthrop A. Johns, Washington, D. C., with whom Lawrence T. Zimmerman, Washington, D. C., Bruce Carswell, James P. Heffernan, New York City, and Reilly & Wells, Washington, D. C., were on brief, for petitioner.

Warren M. Davison, Washington, D. C., Attorney, with whom Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Allen M. Hutter, Attorney, were on brief, for National Labor Relations Board, respondent.

Marilyn G. Rose, Washington, D. C., with whom Irving Abramson, New York City, and Ruth Weyand, Washington, D. C., were on brief, for Local 352, International Union of Electrical Radio and Machine Workers, AFL-CIO, intervening respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In Sylvania Electric Products, Inc. v. NLRB, 1 Cir., 1961, 291 F.2d 128, cert. den. 368 U.S. 926, 82 S.Ct. 360, 7 L.Ed. 2d 190, hereinafter *Sylvania,* we set aside

an order of the National Labor Relations Board which required a bargaining employer to disclose to the union the current and past costs of its noncontributory pension and insurance plans. We held that, although the benefits accruing to employees from such plans constituted "wages" that must be precisely disclosed, and as to which the employer must bargain, the cost to the employer was not. In the instant case, in the course of negotiations for a new labor contract, the employer offered the union a "package" that included improvements in existing welfare programs. Upon request the employer gave the union information relating to the cost of its current programs, but refused to furnish a breakdown of the cost of its proposed package, and hence of the welfare improvements. The union's reason for the demand was that it might prefer to retain the existing welfare plan, and opt for a higher wage rate rather than increased benefits. The employer countered that it bargained on the level of benefits, not costs, and that, in any event, it was not obligated to furnish the requested information.

The Board, adopting the trial examiner's report, held that by refusing to furnish the requested information the employer had failed to bargain in good faith, in violation of section 8(a) (5). It ordered the employer to furnish to the union "the costs or estimated costs" of the proposed improvements. In this petition to set aside the Board's order and cross-petition for enforcement, the Board, and the union, as intervenor, contend alternatively that our decision in *Sylvania*, supra, is distinguishable, and that it should be overruled.

In *Sylvania*, supra, the Board reasoned, "As the premiums paid by the Respondent constitute wages, it logically follows that the premium cost data requested by the Union relates directly to the matter of wages." We responded that "to define an employer's contribution to a noncontributory welfare program as 'wages' to the employees * * * would expand

the concept of wages so far as to break down if not destroy, the distinction in the Act between 'wages, hours, and other terms and conditions of employment,' as to which there is a mutual mandatory duty to bargain collectively, and those matters as to which 'each party is free to bargain or not to bargain, and to agree or not to agree,'" citing NLRB v. Wooster Division of Borg-Warner Corp., 1958, 356 U.S. 342, 349, 78 S.Ct. 718, 2 L.Ed.2d 823. The union now takes the same position as the Board in the earlier case, asserting, further, that *Sylvania* is inconsistent with the Welfare and Pension Disclosure Act of 1959, hereinafter Disclosure Act.[1]

We see nothing in the Disclosure Act inconsistent with our earlier view. The Act does not purport to expand the scope of "wages, hours, and other terms and conditions of employment" under the National Labor Relations Act. In fact, it does not purport to affect the course of collective bargaining relations at all. Rather, the Disclosure Act seems designed to protect the rights of employees covered by actual, not proposed, welfare programs, by compelling the employer who administers them to make disclosures of the sort owed by a fiduciary to *cestuis que trustent*.

The Board takes a narrower view. It now asserts that meaningful bargaining as to "wages, hours, and other terms and conditions of employment" may require a party to disclose information on matters that do not themselves fall within that phrase. More particularly, the Board says that a party who withholds information that would significantly aid the bargaining process, only for the sake of keeping the other in the dark, may not be, and is not in this case, bargaining in good faith. We accepted that principle in Boston Herald-Traveler Corp. v. NLRB, 1 Cir., 1955, 223 F.2d 58. See also NLRB v. Truitt Mfg. Co., 1956, 351 U.S. 149, 76 S.Ct. 753, 100 L.Ed. 1027. Its application involves questions of degree, including degrees of relevance.

---

1. 72 Stat. 997, 29 U.S.C. § 301 et seq. Although enacted in 1959, this Act was not in effect at the time of our prior decision, and was not then called to our attention.

An employer is not required to disclose welfare plan cost information for the purpose of bargaining about whether he is receiving the best coverage for his money, because he is not obliged to discuss this matter with the union. *Sylvania*, supra. However, when the union makes the same demand in order better to evaluate the desirability of an increase in welfare benefits as against an equivalent increase in take-home pay,[2] matters as to which the employer must bargain, the Board might properly conclude that the information, though collateral, was so necessary to effective negotiation that withholding it without good reason was inconsistent with the duty to "exert every reasonable effort to make and maintain agreements." NLRB v. Truitt Mfg. Co., supra, at 152, 76 S.Ct. at 755.

The order of the Board will be enforced.

McCree, District Judge, dissented.

2. Cf. 104 Cong.Rec. 16428 (1958) (Remarks of Rep. Dent.)